**Earnest NEVEAUX, Plaintiff-Appellee,**

v.

**LYKES BROS. STEAMSHIP CO., INC.,**
**Defendant-Appellant.**

**No. 72–3086**
**Summary Calendar.**\*

United States Court of Appeals,
Fifth Circuit.

April 12, 1973.

---

\* Rule 18, 5th Cir. See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431 F.2d 409, Part I.

178

———◆———

F. L. Beckenstein, Wendell C. Radford, Beaumont, Tex., for defendant-appellant.

Ned Johnson, Fred J. Rafes, Beaumont, Tex., for plaintiff-appellee.

Before GEWIN, COLEMAN, and MORGAN, Circuit Judges.

PER CURIAM:

Earnest Neveaux brought suit in admiralty against Lykes Brothers Steam-

ship Company, Inc. (Lykes Brothers) seeking maintenance and cure for an illness that he contracted on December 22, 1970 while employed as a seaman by the defendant.[1] After the presentation of evidence in a non-jury trial, the district court upheld this claim. It found that Neveaux suffered a gum infection accompanied by chills and fever during December of 1970 while working on the SS RUTH LYKES and that these symptoms persisted requiring further treatment after he left that vessel on January 18, 1971. The court awarded maintenance and cure in the amount of $392.00 and reimbursement of medical expenses totaling $97.80. It further permitted the recovery of $150.00 in attorney's fees on the ground that it was necessary for Neveaux to incur that expense in order to obtain the foregoing relief. We affirm the district court's judgment in all respects except as to the allowance of attorney's fees.

Although Lykes Brothers makes several assignments of error, a careful review of the briefs and record in this case discloses that the only claim warranting discussion is that relating to the district court's award of attorney's fees to Neveaux. It is clear that Neveaux was treated for a gum disorder along with chills and fever when he was serving on board the SS RUTH LYKES. These symptoms continued after he left the ship and finally, almost a month later, became so serious that he sought private medical treatment. In a letter to Lykes Brothers dated February 24, 1971, Neveaux gave notice that he was seeking maintenance and cure for an illness diagnosed by his family physician to be typhus. The letter contained no elaborative details. Lykes Brothers did not deny the claim immediately but instead requested further medical information to aid it in reaching a final decision. In explanation of the delay, it was pointed out that Neveaux had been declared fit for duty when he departed the SS RUTH LYKES

1. Neveaux also claimed damages resulting from Lykes Brothers' failure to provide a safe place to work and for the unsea-

worthiness of the SS RUTH LYKES. He abandoned both causes of action at the time of the trial.

on January 18, 1971 and that the incubation period of typhus raised some question as to whether he could have contracted the disease while in the company's employ. On the facts of this case, we conclude that Lykes Brothers' procedure in handling Neveaux's claim did not exhibit the kind of arbitrary and capricious conduct which is prerequisite to an award of attorney's fees in cases such as this one. Vaughan v. Atkinson, 369 U.S. 527, 531, 82 S.Ct. 997, 1000, 8 L.Ed. 2d 88, 92 (1962); Richard v. Bauer Dredging Co., 433 F.2d 954, 955 (5 Cir. 1970).

The judgment of the district court is hereby modified to eliminate the allowance of attorney's fees but the judgment is affirmed in all other respects.

Judgment modified and affirmed.